# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**ANTWAN ROBINSON**,
*Individually and on behalf of all other similarly situated current and former employees*,

Plaintiff

v.

**J & J CUSTOM BUILDERS, LLC**
*a Tennessee Limited Liability Company*, and
**JEREMY JAMES,**
*Individually*,

Defendants.

No. _____

**FLSA Opt-in Collective Action**

**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Antwan Robinson ("Plaintiff"), on behalf of himself, individually, and on behalf of others similarly situated, files this Collective Action Complaint, and states as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against J & J Custom Builders, LLC and Jeremy James ("Defendants") on behalf of all current and former hourly-paid employees who work for Defendants during the past three (3) years. Plaintiff and the putative class are employees who seek damages for unpaid overtime.

## **JURISDICTION AND VENUE**

2. This Court has original jurisdiction over this action under 29 U.S.C. § 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391. Defendants employed Plaintiff to perform work in this District, and Defendants have conducted, and continue to conduct, business within this District during relevant periods to this action. Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

**PARTIES**

4. Defendant J & J Custom Builders, LLC is a Tennessee Limited Liability Company with its principal offices located at 3936 Hydesdale Lane, Nashville, Tennessee 37218. Defendant is a member managed, limited liability company, which may be served through its registered agent, Jeremy James, at its principal place of business.

5. Defendant J & J Custom Builders has been an "employer" of Plaintiff and those "similarly situated" as such terms are used in and/or defined by the FLSA, at times material to this action.

6. Defendant Jeremy James is a member J & J Custom Builders, LLC and a resident of this district. He is believed to have exercised operational control over J & J Custom Builders, LLC and its employees during the statutory period. Furthermore, Defendant James determined rates and method of pay. Defendant James is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant James can be served at 3936 Hydesdale Lane, Nashville, Tennessee 37218or wherever he may be found.

7. Plaintiff Antwan Robinson has been a resident of this District and performed work as a non-exempt employee within this district during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Antwan Robinson's Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

8. Defendants constitute a construction company in the Nashville, Tennessee metropolitan area.

9. Plaintiff Antwan Robinson worked for Defendants during the three (3) year period preceding the filing of this action.

10. "The Putative Class" refers to all individuals who worked for J & J Custom Builders and Jeremy James during the previous three (3) years, including from its incorporation in 2017 through the present, who were employees under the FLSA, regardless of such individual's designation by Defendants.

11. Defendants have been Plaintiff and Putative Class' "employer" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

12. At times material to this action, Plaintiff and Putative Class have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendants within the territory of the United States, within the three (3) years preceding the filing of this collective action.

13. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and Putative Class have engaged in interstate commerce as Defendants' employees during the applicable statutory period.

14. Plaintiff performed various general construction tasks for Defendants, including, for example, aiding in the demolition of a bank in Brentwood, Tennessee.

15. At the beginning of his employment, Plaintiff was offered a choice to be paid as an hourly-paid employee or to be paid by the job as an independent contractor.

16. Plaintiff opted to be paid as an employee for ten ($10) dollars an hour until August 2019 when he received a pay increase to twelve ($12) dollars an hour, all while working forty (40) hours per week.

17. Plaintiff did not have the autonomy to choose which tasks to complete or the manner of completion. Defendants directed and controlled Plaintiff's activities and work load.

18. Plaintiff invested no money in facilities or equipment beyond what is expected of a normal employee of Defendants.

19. Plaintiff understood that he was hired for more than one job with Defendants.

20. Plaintiff did not negotiate his manner or rate of pay with Defendants.

21. Plaintiff was not an independent contractor for the purposes of the FSLA and was therefore entitled to overtime at 1.5 times his base rate of pay for all time he worked in excess of forty (40) hours per week.

22. Defendants' other employees were treated similarly. Defendants' also denied wages owed to them as employees based on Defendants' policy of only paying employees straight time wages.

23. Plaintiff worked in excess of forty (40) hours per week for Defendants at times from before March 2019 through his termination in October 2019.

24. Despite working in excess of forty (40) hours per week, Plaintiff noticed his pay remained at either ten ($10) dollars per hour or twelve ($12) dollars an hour after his raise, or four hundred ($400) dollars per week or four-hundred eighty ($480) dollars per week after his raise.

25. Plaintiff told Defendants repeatedly that he was not being compensated overtime pay. Despite directing Plaintiff's work and agreeing that Plaintiff would be Defendants' hourly-paid employee, Defendants responded that Plaintiff was a subcontractor and therefore only entitled to straight time pay.

4

26. Defendants knew and were aware at all relevant times that Defendants were not compensating Plaintiff and the Putative Class at the appropriate overtime rate for all compensable time worked over forty (40) hours per week. Defendants can cite no good faith basis for this failure.

27. Defendants compensation policies and practices violated 29 U.S.C. § 207(a)(1).

28. As a result of Defendants' bad faith and willful failure to pay Plaintiff and the Putative Class in compliance with the FLSA, Plaintiff and the Putative Class have suffered lost wages in the form of overtime compensation.

29. The net effect of Defendants' common plan, policy, and practice of failing to pay its non-exempt employees overtime unjustly enriched the Defendants, who enjoyed ill-gained profits at the expense of Plaintiffs and the Putative Class, and also enjoyed lower payroll taxes thereby.

## SCOPE OF LIABILITY AS TO DEFENDANT JAMES

30. Throughout the recovery period applicable to this action, Defendant Jeremy James exercised operational control over the business activities and operations of Defendant J & J Custom Builders, LLC including control over the hourly paid employees employed there.

31. In particular, Defendant Jeremy James directed and controlled work performed by the Plaintiff and all other employees who worked for Defendant J & J Custom Builders, LLC; hired and fired employees; and implemented, approved, and/or ratified the policy of failing to pay overtime wages to Plaintiff and other current and former employees.

32. Throughout the recovery period applicable to this action, Defendant Jeremy James was fully aware that Plaintiff was not paid overtime for each hour of compensable work he performed over forty (40) in single workweeks while in Defendants' employ.

33. Accordingly, Defendant Jeremy James acted "directly or indirectly in the interest of an employer in relation to" the Named Plaintiff and is thus individually and personally liable for

the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

35. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

36. The proposed collective class of similarly situated persons, also referred to in this Complaint as the "Putative Class" is defined as:

> All current and former individuals who performed any work for Defendants as manual laborers in excess of forty (40) hours in any week from three (3) years prior to the filing of this Complaint through the present.

37. Plaintiff seeks to pursue his unpaid overtime wage claims against Defendants on behalf of himself, individually, and on behalf of all other similarly situated employees.

38. Plaintiff and the Putative Class are "similarly situated" for the purposes of 29 U.S.C. § 216(b) because, *inter alia*, Defendants employed a common pay scheme whereby Defendants' non-exempt employees were paid in a matter impermissible under the FLSA, and were denied any overtime pay thereby.

39. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' payroll policies, which universally denied Plaintiff and members of the Putative Class all overtime compensation.

40. The collective action mechanism is superior to other available methods for a fair an efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of

inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

41. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members.

42. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

43. Plaintiff estimates that the Putative Class consists of three (3) to twelve (12) individuals. The precise number of Putative Class can be easily ascertained by examining Defendants' payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posing notice at Defendants' place of business/work sites.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and those who choose to opt into this matter request the Court enter judgment in favor of this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendants;

b) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendants;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. §216(b) for the claims of the class;

j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

l) Provide further relief as the Court deems just and equitable.

m)

Dated: February 28, 2020.                    Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

and

Nina H. Parsley (TN BPR #23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

**ATTORNEYS FOR PLAINTIFFAND
ON BEHALF OF OTHERS SIMILARLY
SITUATED**